

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-21-2007

# Page v. Trustees Univ PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1008

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Page v. Trustees Univ PA" (2007). *2007 Decisions.* Paper 1447.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1447

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-1008

———————

JENNIFER PAGE,

Appellant

v.

TRUSTEES OF THE UNIVERSITY
OF PENNSYLVANIA;
UNIVERSITY OF PENNSYLVANIA;
UNIVERSITY OF PENNSYLVANIA
DEPARTMENT OF PUBLIC SAFETY

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 03-cv-06815)
District Judge: The Honorable John P. Fullam

———————

Argued on February 15, 2007

Before: SMITH and FISHER, *Circuit Judges*,
and DOWD, *District Judge*[*]

(Filed: March 21, 2007)

———————

[*]The Honorable David D. Dowd, Jr., Senior United States District Judge for
the Northern District of Ohio, sitting by designation.

1

Jeremy H.G. Ibrahim (argued)
1700 Race Street
First Floor
Philadelphia, PA 19103
       *Counsel for Appellant*

Joe H. Tucker, Jr.
Bacardi L. Jackson
Norrinda V. Brown (argued)
Booth & Tucker
1617 John H. Kennedy Boulevard
Suite 1700
Philadelphia, PA 19103
       *Counsel for Appellees*

OPINION

SMITH, *Circuit Judge*.

Jennifer Page alleges that she was discriminated against by her employer because of her need to express breast milk while at work. Page did not adduce sufficient evidence to survive summary judgment. We will affirm the District Court.

Jennifer Page was employed for several years as a police officer for the University of Pennsylvania ("the University"). Page went on maternity leave in 2002. Upon her return in November of that year, Page submitted a memorandum requesting "out of service" (personal) time to express breast milk and was granted two such breaks during her shift. Page asserts that despite this permission, her supervisors refused to allow her to request a courtesy transport from her foot patrol to headquarters. She protested and was assigned to a patrol closer to headquarters. She alleges that her supervisor nevertheless

2

called for her on the radio and interrupted her in the locker room where she expressed milk.

Page claims that her supervisor required her to wear her cap while outside a patrol car or headquarters, allowed other officers to spend more time buying coffee at a convenience store, and checked on Page's whereabouts during lunch and personal breaks. Page also alleges that her supervisor criticized the manner in which she prepared time sheets, briefly relieved her of her firearm, and assigned her insignificant tasks (such as counting bicycles, arranging for other officers' shoes to be shined, and for the captain's car to be washed and fueled). At the time she was assigned these tasks, Page was on limited duty due to a back injury unrelated to her pregnancy. Page also alleged that, although she filed a complaint with the Fraternal Order of Police on December 16, 2002, she was not interviewed until January 6, 2002. Page resigned approximately two months after her return from maternity leave, on or about January 14, 2003.

After Page's complaint was denied by the Fraternal Order of Police, she filed suit in the United States District Court for the Eastern District of Pennsylvania. Page stated a variety of claims, including race and pregnancy discrimination violating Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Pregnancy Discrimination Act of 1978 ("the PDA"), 42 U.S.C. § 2000e *et seq.*, Worker's Compensation Act claims, and Pennsylvania Human Relations Act claims. The University moved for summary judgment on all of Page's claims. The District Court granted the motion. Page challenges on appeal only the dismissal of her claim for pregnancy discrimination

3

violating Title VII.[1]

We exercise plenary review when reviewing a district court's grant of summary judgment. *Fed. Home Loan Mortgage Corp. v. Scottsdale Ins. Co.*, 316 F.3d 431, 443 (3d Cir. 2003). Summary judgment is appropriate only if the record establishes that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); FED. R. CIV. P. 56(c). We view the facts in the light most favorable to the party opposing the motion when making this determination. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). We must consider whether the District Court was correct and whether Page alleged sufficient facts to constitute a violation of Title VII.

To establish a prima facie case of Title VII sex discrimination, Page must show (1) that she belongs to a protected class, (2) that she suffered an adverse employment action (3) under circumstances leading to an inference of unlawful discrimination. *See Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir. 1999). The University concedes that Page is a member of a protected class. Therefore, we will assume, without holding, that a complaint based on the need to express breast milk is cognizable under Title VII. However, Page cannot satisfy the second or third elements of a Title VII claim.

Page alleges that she was subjected to a hostile work environment as a result of her

---

[1]The District Court had jurisdiction of this action arising under 42 U.S.C. § 2000e (Title VII) under 28 U.S.C. § 1331. This Court has appellate jurisdiction under 28 U.S.C. § 1291.

desire to take personal time to express breast milk. The Supreme Court has explained

that, in order to establish a hostile work environment, a plaintiff must show that the

harassment "was sufficiently severe or pervasive to alter the terms and conditions of [the

plaintiff's] employment and create an abusive working environment." *Meritor Savings*

*Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986). The Supreme Court instructs us:

> Workplace conduct is not measured in isolation; instead, whether an
> environment is sufficiently hostile or abusive must be judged by looking at
> all the circumstances, including the frequency of the discriminatory
> conduct; its severity; whether it is physically threatening or humiliating, or
> a mere offensive utterance; and whether it unreasonably interferes with an
> employee's work performance. Hence, [a] recurring point in [our] opinions
> is that simple teasing, offhand comments, and isolated incidents (unless
> extremely serious) will not amount to discriminatory changes in the terms
> and conditions of employment.

*Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71 (2001) (internal quotes and

citations omitted). *See also Faragher v. Boca Raton*, 524 U.S. 775, 788 (1998) (noting

that the standard for judging hostility under Title VII must be sufficiently demanding so

that the statute does not become "a general civility code").

Conduct must be both objectively and subjectively offensive to violate Title VII.

*See Faragher*, 524 U.S. at 787. Page established that she found the conduct subjectively

offensive. At several points, she stated that conduct was offensive because of the way in

which her supervisor looked at her or the tone in which he spoke to her. For example,

Page felt that one of her supervisors spoke to her in a manner that indicated that she

thought Page was a "pest," and another discussed her personal time in a way that

indicated disgust. Page did not allege any comments that, without her testimony as to tone and manner, could be taken as derogatory, unprofessional, or motivated by animus towards her desire to express breast milk while at work. Page alleges a variety of work-related incidents were motivated by anger or disregard for her need to express breast milk and created a hostile work environment.

However, Page fails to establish that the alleged conduct was objectively offensive–that a reasonable person in her position would have found the conduct "hostile or abusive." *Clark County*, 532 U.S. at 270; *see also Faragher*, 524 U.S. at 788. The University demonstrates that other officers on light duty were subjected to the same requirements and given the same apparently menial tasks. Page testified that running errands for more senior officers was a common activity. Page's direct supervisor, Sergeant Farrell, testified that he ordered other officers to wear their hats, reprimanded other officers for calling a car for non-emergency reasons, gave other officers the same instructions for correctly filling out forms, and inquired about the whereabouts of other officers who were temporarily absent from their posts. Other officers testified that they were required to wear their hats when not in their vehicles, that personal time was not guaranteed and could be interrupted, and that protocol required that sergeants locate officers who could not be contacted via radio after three attempts.

Nothing in Page's testimony rebuts this evidence that similarly situated officers were treated in a similar manner. Indeed, Page's testimony undermines her claim by showing that the University was working with her to address her concerns. She testified

that the University provided her with two fifteen minute breaks to express breast milk, that she was switched to a patrol route that included headquarters so that she could more easily express breast milk in privacy, and that no officer directly questioned her need to express breast milk.

Page further undermined her own claim by testifying that the true motivation behind the alleged harassment was her race and that her need to express breast milk was an excuse or opportunity for race discrimination. Yet, Page has not pursued her race discrimination claim on appeal.

The District Court dismissed Page's claim as she failed to meet the stringent burden of showing a constructive discharge. *See Pennsylvania State Police v. Suders*, 542 U.S. 129, 133-34 (2004). Page's hostile work environment claim survives this determination, albeit subject to the *Ellerth*/*Faragher* affirmative defenses. *See id.* at 137-38; *see also Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher*, 524 U.S. at 807. However, Page also failed to meet the more forgiving burden of showing a hostile work environment. *Suders*, 542 U.S. at 133-34.

A reasonable finder of fact could not conclude, based on the record before us, that Page suffered harassment rising to the level of a Title VII violation. We will affirm the District Court's decision.